IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

ESTATE OF WILLIAM ROLLS, JR. and )
JACKIE CORMIER, )
 )
       Plaintiffs, )
 )
vs. )    Case No. _____
 )
ELITE SPECIALTY WELDING, LLC, )
ELITE INDUSTRIAL SERVICES, INC. & )
PACKAGING CORP. OF AMERICA, )
INC., )
 )
       Defendants. )
 )

**NOTICE OF REMOVAL**
(Packaging Corporation of America, Inc.)

Packaging Corp. of America, Inc. ("PCA") files this Notice of Removal of a pending state proceeding from the 164th Judicial District Court, Harris County, Texas. The basis for removal is improper joinder and diversity of citizenship. 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, PCA states as follows:

**I.   Background**

1.   On October 2, 2017, plaintiffs filed an Original Petition in the 164th Judicial District Court, Harris County, Texas in a case styled: *Estate of William Rolls, Jr. and Jackie Cormier vs. Elite Specialty Welding, LLC, Elite Industrial Services, Inc., & Packaging Corp. of America, Inc.*, Cause Number 2017-65283 (the "state proceeding").

2.   In the state proceeding, plaintiffs allege that the decedent, the son of plaintiff Jackie Cormier, was fatally injured in an explosion that occurred while, in the course and scope of his employment, he was "performing or beginning to perform his duties as a welder for Elite Specialty Welding/Elite Industrial Services at the Packaging Corporation of America's DeRidder Containerboard Mill." (Pet. ¶ 8). Plaintiffs purportedly bring their claims under the Texas

1

Wrongful Death Act (§§ 71.001-71.012 of the Texas Civil Practice and Remedies Code) and seek the recovery of damages set forth therein as well as survival damages under §§ 71.021-71.022 of the Texas Civil Practice and Remedies Code. Plaintiffs further seek punitive and exemplary damages and compensation for loss of companionship and society, loss of earning capacity, pain and suffering, medical expenses, and mental anguish in the past and future. (Pet. ¶ 15).

3. Plaintiffs' Original Petition expressly provides that plaintiffs seek damages in excess of $75,000.00, exclusive of interests and costs. (Pet. ¶ 7 and VIII).

## II. Grounds for Removal

4. This Court has original jurisdiction over the state proceeding. The amount in controversy exceeds $75,000.00, exclusive of interests and costs. There is complete diversity of citizenship between the plaintiffs and PCA, which are the only two properly pleaded parties. The citizenship of Defendants Elite Specialty Welding, LLC ("Elite Specialty") and Elite Industrial Services, Inc. ("Elite Industrial"; together with Elite Specialty, the "Elite Defendants") cannot destroy diversity jurisdiction because the Elite Defendants have been improperly joined. 28 U.S.C. § 1332(a)(1); §§ 1441(a)-(b); *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

### A. Complete Diversity of Citizenship Exists Between Plaintiffs and PCA

5. Plaintiff Jackie Cormier alleges that she resides in Louisiana. (Pet. ¶ 2). The Original Petition does not specifically identify which state is plaintiff's domicile.

6. Plaintiff William Rolls, Sr. is an individual acting on behalf of the Estate of Willim Rolls, Jr., which is currently pending in Louisiana. (Pet. ¶ 3).

7. In the event this Court determines that additional information is required concerning plaintiffs' domicile, PCA requests leave to conduct limited jurisdictional discovery on this issue. *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012).

8. PCA is and was at the time plaintiffs commenced the state proceeding a citizen of Delaware and Illinois. PCA is a corporation organized under the laws of Delaware and Illinois is the state from which its high-level officers direct, control, and coordinate the corporation's activities. 28 U.S.C. § 1332(c)(1).

### B. The Amount-in-Controversy Requirement is Satisfied

9. It is clear from the face of the Original Petition that the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs." 28 U.S.C. § 1332(a). Plaintiffs' Original Petition specifically alleges that plaintiffs seek damages in excess of $75,000.00, exclusive of interest and costs, and the prayer for relief seeks damages of "at least $25 million." (Pet. ¶ 7 and VIII).

### C. The Citizenship of Elite Defendants Cannot Defeat Diversity Jurisdiction Because the Elite Defendants Have Been Improperly Joined

10. Upon information and belief, Elite Industrial is a corporation organized under the laws of Texas with its principal office in Humble, Texas.

11. Upon information and belief, Elite Specialty is a limited liability company organized under the laws of Louisiana with its members residing in Louisiana, Indiana, and Texas.

12. As at least one of the Elite Defendants is, upon information and belief, a citizen of Texas, there would not be complete diversity among all parties <u>unless</u> the non-diverse defendant was improperly or fraudulently joined. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc).

13. Improper joinder occurs when there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 572.

14. Improper joinder exists in this case because plaintiffs cannot establish a cause of action against the Elite Defendants, which are the only potential non-diverse parties. Specifically, plaintiffs have no cause of action against the Elite Defendants in the state

3

proceeding because they have no grounds to assert tort claims when their sole and exclusive remedy is under the applicable workers' compensation statutes.

15. The grounds supporting improper joinder are set forth in subparts (a) through (e) below:

   a. Plaintiff's Original Petition specifically alleges that plaintiffs' decedent was, at the time of the subject incident, "performing or beginning to perform his duties as a welder for Elite Specialty Welding/Elite Industrial Services." (Pet. ¶ 7). Accordingly, based on the plain language of the Original Petition, plaintiffs' decedent worked for or was an employee of the Elite Defendants. *Id.*

   b. Under Texas law, worker's compensation is the exclusive remedy available to an employee or his legal beneficiary against the employer or an agent of the employer for an employee's death or work-related injury. TEX. LAB. CODE ANN. § 408.001(a).

   c. Similarly, under Louisiana law, which should apply to this case because Louisiana is the place where the injury occurred, where the alleged acts giving rise to the injury occurred and, upon information and belief, where plaintiff resides and plaintiff's decedent resided, workers' compensation is the exclusive remedy available to an employee or his dependent against the employer or an agent of the employer for an employee's death or work-related injury. LA. REV. STAT. § 23:1032(a); *Enterprise Products Partners LP v. Mitchell*, 340 S.W.3d 476, 480 (Tex. App. 2011) (setting forth Texas' choice-of-law analysis).

   d. As plaintiffs' Original Petition clearly alleges that plaintiffs' decedent worked for or was an employee of "Elite Specialty Welding/Elite Industrial Services," (Pet. ¶ 8), plaintiffs' exclusive remedy under either Texas and Louisiana law is workers' compensation, and no tort remedy against the Elite Defendants exists. TEX. LAB. CODE ANN. § 408.001(a); LA. REV. STAT. § 23:1032(a); *see also Oubre v. Union Carbide Corp.*, 747 So.2d 212, 220 (5th Cir. 1999).

4

  e. As plaintiffs have no tort remedy against the Elite Defendants, there is no reasonable basis for recovery against the Elite Defendants in the state proceeding and, thus, joinder is improper because there is an "inability of the plaintiff[s] to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 572; *see also Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 378 (5th Cir. 2006) (affirming a finding of improper joinder where the plaintiff "fail[ed] to allege facts amounting to a reasonable basis to predict that she might recover in tort . . . rather than in workers' compensation" against her non-diverse defendant employer). Further, the court in the state proceeding lacks jurisdiction because the Texas Workers' Compensation Commission or the Louisiana Office of Workers' Compensation has exclusive jurisdiction over the plaintiffs' claims against the Elite Defendants and plaintiffs have not exhausted their administrative remedies. *Roskey v. Continental Gas Co.*, 190 S.W.3d 875, 880 (Tex. App. 2006) ("[W]here an agency has exclusive jurisdiction, courts have no subject matter jurisdiction over the dispute until the party has exhausted all of the administrative remedies within the agency.").

### D. The Other Prerequisites for Removal Have Been Satisfied

16. PCA was served with process in the state proceeding on October 6, 2017. This Notice of Removal is timely filed. 28 U.S.C. § 1446(b).

17. The 164th District Court of Harris County is located within the Southern District of Texas, Houston Division. 28 U.S.C. §§ 1441(a); 124(b)(2).

18. The state proceeding may be removed to a federal court in the Southern District of Texas because PCA is not a citizen of Texas for diversity purposes. 28 U.S.C. § 1441(b)(2).

19. The consent of the Elite defendants is not required because they are both improperly joined defendants. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that applying the requirement that co-defendants consent to removal in cases alleging improper joinder "would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."), *cert. denied*, 510 U.S. 828 (1993).

### III. Additional Procedural Matters

20. A copy of this Notice of Removal is being served on plaintiffs' attorney of record in the state proceeding and is being filed with the Clerk of the Harris County Texas District Court. 28 U.S.C. § 1446(d).

21. As required by Title 28, United States Code, Section 1446(a) and Local Rule 81, PCA has attached the following:

   a. An index of documents being filed (Exhibit 1);

   b. All process served in the case (Exhibit 2);

   c. All pleadings asserting causes of action in the state proceeding (Exhibit 3);

   d. The state court docket sheet for the state proceeding (Exhibit 4); and

   e. A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit 5).

22. By filing this Notice of Removal, PCA does not waive, and hereby reserves all defenses to plaintiffs' Original Petition, including but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and/or insufficiency of service of process.

### IV. Conclusion

PCA respectfully requests that this Court enter such further orders and grant such further relief as may be necessary to secure the removal of the state proceeding from the 164th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

    KATTEN MUCHIN ROSENMAN LLP

    BY:   */s/ Emily L. Rochy*
        Emily Rochy
        S.D. Texas Bar No. 1358194
        1301 McKinney St., Suite 3000
        Houston, Texas 77010

   Telephone: (713) 270-3446
   Facsimile: (713) 270-3401
   emily.rochy@kattenlaw.com
ATTORNEY-IN-CHARGE FOR PACKAGING
CORPORATION OF AMERICA, INC.
Of Counsel:
Brian F. Antweil
S.D. Texas Bar No. 1358194
1301 McKinney St., Suite 3000
Houston, Texas 77010
Telephone: (713) 270-3423
Facsimile: (713) 583-9065
brian.antweil@kattenlaw.com

## Certificate of Service

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this instrument via the USDC Southern District's CM/ECF system on this the 30th day of October, 2017; and, that a true and accurate copy of this instrument was also served on counsel for plaintiff, via fax, at the following numbers:

<u>Counsel for plaintiff:</u>

ANTHONY G. BUZBEE
State Bar No. 24001820
Facsimile: (713) 223-5909

CHRISTOPHER J. LEAVITT
State Bar No. 24053318
Facsimile: (713) 223-5909

This the 30th day of October, 2017.

                                      */s/ Emily L. Rochy*
                                      Emily Rochy