UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF WILLIAM ROLLS, JR. and JACKIE CORMIER | § § § § | |
| Plaintiffs, VS. | § § § | CIVIL ACTION NO. 4:17-CV-03284 |
| ELITE SPECIALTY WELDING, LLC, et al, | § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Jackie Cormier and William Rolls, Sr.'s Motion to Remand (Doc. #6), and Elite Specialty Welding, L.L.C., Elite Industrial Services, Inc. and Packaging Corp. of America, Inc.'s Opposition to Plaintiffs' Motion to Remand (Doc. #7). After considering counsels' arguments and the applicable legal authority, the Court denies Plaintiffs' Motion to Remand.

**I.     Background**

This case arises from an explosion that occurred at a facility owned by Packaging Corporation of America, Inc. ("PCA"), which killed Williams Rolls, Jr. ("Decedent") and several of his coworkers. Doc #1, Ex. 3 at 3–4. The explosion occurred while Decedent was performing welding operations for Elite Specialty Welding L.L.C. ("Elite Specialty"). *Id.* On October 2, 2017, Decedent's mother and father (Decedent's father is representing Decedent's Estate) ("Plaintiffs") brought claims for negligence and gross negligence in the 164th Judicial District Court of Harris County, Texas under the Wrongful Death Act, Texas Civil Practices and Remedies Code §§ 71.001-71.012, against Elite Specialty, PCA, and Elite Industrial Services, Inc.[1] Doc. #1, Ex. 3 at 5–6.

---

[1] Plaintiffs allege that Elite Industrial Services Inc. is the parent company of Elite Specialty. Defendant PCA argues Elite Industrial Services, Inc. is not a proper defendant because there is

Subsequently, Defendant PCA filed a Notice of Removal with the Court on October 30, 2017, arguing "improper joinder and diversity of citizenship." Doc. #1 at 1. Defendant PCA contends that complete diversity exists between the Plaintiffs and Defendant PCA because those are "the only two properly pleaded parties." *Id.* at 2.

In considering residency for diversity jurisdiction, these are the relevant facts. Both Plaintiffs reside in Louisiana. Doc. #1, Ex. 3 at 2. Decedent's employer, Elite Specialty, is a limited liability company organized under the laws of Louisiana with its members residing in Louisiana, Indiana, and Texas. Doc. #1 at 3. Defendant PCA is incorporated under the laws of Delaware with its senior management located in Illinois. *Id.* Elite Industrial Services, Inc. is a corporation organized under the laws of Texas with its principal place of business in Texas. *Id.*

Defendant PCA argues that Elite Specialty was improperly joined because no cause of action in tort can be brought against Elite Specialty except under the Texas Worker's Compensation Act ("TWCA"). Defendant PCA asserts that worker's compensation is the exclusive remedy for causes of action brought against an employer for the work-related death of an employee. Tex. Lab. Code Ann. § 408.001(a). It is not disputed that Elite Specialty was Decedent's employer and Decedent was working when the explosion occurred. Therefore, the issue before the Court is whether complete diversity exists and federal jurisdiction is proper because Elite Specialty was improperly joined.

---

no corporate relationship between Elite Industrial Services, Inc. and Elite Specialty, and no independent cause of action has been asserted against it. It refers to the affidavit of Bart Maple, President of Elite Specialty, stating that "Elite Specialty Welding has no parent corporation," and "is not now and has never been affiliated with Elite Specialty Industrial Services, Inc." Doc. #7, Ex. 1 at 3 ¶¶ 6, 8. Though the Court agrees that no separate cause of action is asserted against Elite Industrial Services, Inc., the affidavit refers to "Elite Specialty Industrial Services, Inc.," not "Elite Industrial Services, Inc." Therefore, the Court cannot determine from the information provided by the parties whether Elite Specialty has any affiliation with Elite Industrial Services, Inc.

2

## II. Legal Standards

### A. Removal

District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Defendants may remove a civil action if a federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### B. Improper Joinder

To establish improper joinder it must be proven: (1) that there has been actual fraud in the pleading of jurisdictional facts, or (2) there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In the instant case, the issue is whether there is a reasonable possibility the Plaintiffs will be able to establish a cause of action against Elite Specialty under state law. Here, the Court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* The petition filed in the state court at the time of removal controls the inquiry. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 2012).

## III. Analysis

On November 29, 2017, Plaintiffs filed the Motion to Remand arguing that there is a

3

proper cause of action against the non-diverse Elite Specialty because the savings clause of TWCA § 408.001(b) allows for claims seeking exemplary damages for gross negligence against Decedent's employer (Elite Specialty). Doc. #6 at 6. However, Defendant PCA contends that Plaintiff has not alleged a proper cause of action against Elite Specialty because even if Plaintiffs filed a claim under TWCA[2], the causes of action and damages sought are not available to the parents of the Decedent. Specifically, Defendant PCA argues that Plaintiffs are not eligible to receive exemplary damages under TCWA § 408.001(b) because Plaintiffs are not a "surviving spouse" or "heir of the body." Tex. Lab Code Ann. § 408.001(b).

The parties are in agreement that the TWCA statute applies to the issue at hand. Plaintiffs contend that they are eligible to recover exemplary damages against Elite Specialty under the TWCA based on *Wyble v. E.I. DuPont de Nemours & Co.*, which states the TWCA "contains an added savings clause that allows a *qualified family member* of a decedent to recover damages for wrongful death, in the event that the death was caused by gross negligence." 17 F.Supp.2d 641, 644 (E.D. Tex. 1998) (emphasis added). However, the savings clause exception which Plaintiffs argue applies to their case states the TWCA "does not prohibit the recovery of exemplary damages *by the surviving spouse or heirs of the body* of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence." Tex. Lab. Code Ann. § 408.001(b) (emphasis added). Here, both Plaintiffs are the parents of Decedent. Under Texas law, "the phrase 'heirs of the body' as used in § 408.001(b) does not include parents, and a parent's claims for exemplary damages and gross negligence cannot be saved by § 408.001(b)." *Gooch v. Packaging Corp. of Am.*, Civ. A. No. H-17-1673, 2017 WL

---

[2] In Plaintiffs' state court petition there are no claims brought under TWCA against Elite Specialty, only causes of action under the Texas Civil Practices and Remedies Code. *See* Doc. #1, Ex. 3.

4

3495295, at *4 (S.D. Tex. Aug. 14, 2017) (citing *Cooper Indus. LLC v. Am. Int'l Specialty Lines Ins. Co.*, 350 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) ("Under Texas law, 'heirs of the body' do not include parents."); *see also Galvan v. Pub. Util. Bd*, 778 S.W. 2d 580, 584 (Tex. Civ. App.—Corpus Christi 1989, no pet.) ("It is well settled that parents are not heirs of the body.") (citing *Winnt v. Int'l & G.N. Ry. Co.*, 11 S.W. 907, 907–908 (Tex. 1889)) (concluding that the rule in Texas is that "the right to maintain an action for the recovery of exemplary damages for the death of a person caused by the willful act, omission, or gross neglect of a corporation or company, etc., is confined to the class of persons who, by the terms of the constitution, are designated as entitled to maintain such action; namely, the surviving husband or wife, or heirs of the body, of the deceased, and not to the parent.").

Therefore, Elite Specialty was improperly joined because the claims asserted are not actionable against Elite Specialty as the sole remedy available against Decedent's employer for a work-related injury or death is TWCA. Even if the cause of action was brought under TWCA, Plaintiffs cannot bring claims seeking exemplary damages for gross negligence under TWCA because Plaintiffs do not qualify as a "surviving spouse" or "heir of the body." Thus, Elite Specialty was improperly joined and there is complete diversity between Plaintiffs and Defendant PCA.

## II. Conclusion

For the aforementioned reasons, Plaintiffs' Motion for Remand is DENIED. The case is hereby properly before United States District Court for the Southern District of Texas.

It is so ORDERED.

__AUG 2 3 2019__
Date

The Honorable Alfred H. Bennett
United States District Judge

5